

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-4-2009

# James Hall v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"James Hall v. USA" (2009). *2009 Decisions*. Paper 704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2506
_____

JAMES M. HALL,
                                        Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cv-01627)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2009

Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed: September 4, 2009)

_____

OPINION
_____

PER CURIAM

        Federal inmate James Hall appeals the order of the District Court granting the

United States' motion for summary judgment.  For the reasons that follow, we will affirm.

In August 2006 – and after exhausting his administrative remedies – Hall commenced this action by filing a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that he received inadequate dental care while housed at the United States Penitentiary ("USP") at Canaan in Pennsylvania.[1] In October 2006, Hall moved for appointment of counsel. The Magistrate Judge denied this motion, and Hall did not contest this ruling. In September 2007, Hall file a second motion for counsel. While this motion was pending, the United States moved for summary judgment arguing, inter alia, that Hall could not prevail on his claims because he did not have an expert witness. Shortly thereafter, Hall moved the court to appoint an expert pursuant to Fed. R. Evid. 706.

In November 2007, the Magistrate Judge denied Hall's second motion for appointment of counsel and his motion for an expert witness. Again, Hall did not object to the Magistrate Judge's decision. A few months later, the Magistrate Judge issued a report recommending that the District Court grant the United States' motion for summary judgment because Hall could not prevail on his claims without an expert witness. The District Court adopted this report and granted the United States' motion. Hall now challenges the denial of his motions for appointment of counsel and appointment of an expert witness, respectively, as well as the court's grant of summary judgment.

_____

[1] Hall has since been transferred to USP-Beaumont in Texas.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review a district court's decision declining to appoint counsel, as well as its decision declining to appoint an expert witness, for abuse of discretion.  Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (reciting standard of review for denial of appointment of counsel); In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 299-300 (3d Cir. 2005) (reciting standard of review for denial of appointment of expert witness).  We exercise plenary review over a district court's grant of summary judgment.  Atkinson v. Lafayette Coll., 460 F.3d 447, 451 (3d Cir. 2006).

A.      Hall's motions seeking appointment of counsel and an expert witness

Fed. R. Civ. P. 72(a) provides that, after a magistrate judge enters an order on a non-dispositive matter, the parties have ten days to file objections with the district court.  The Rule clearly states that "[a] party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a).  Although we have noted that this language does not bar our review in all instances in which an appellant seeks to challenge a magistrate judge's order to which the appellant did not object in the district court, our review is limited to cases with exceptional circumstances.  See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 n.9 (3d Cir. 1998).  In this case, Hall never presented the District Court with objections to the Magistrate Judge's orders denying his motions for appointment of counsel and his motion seeking an expert witness.  Moreover,

3

this case does not present any exceptional circumstances. Accordingly, Hall has waived any challenge to the Magistrate Judge's denial of these motions. See Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 336 n.25 (3d Cir. 2001).

B. Summary Judgment

The FTCA waives the United States' sovereign immunity and bestows federal courts with jurisdiction over tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000). Because the events in this case took place in Pennsylvania, we apply Pennsylvania tort law.

To prevail in a medical malpractice action under Pennsylvania law, a plaintiff must show that: (1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach proximately caused the harm suffered by the patient; and (4) the patient's damages were a direct result of the harm. Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003). Additionally, the plaintiff generally must present expert testimony "to establish that the care and treatment of the plaintiff by the defendant fell short of the required standard of care and that the breach proximately caused the plaintiff's injury." Id. "A very narrow exception to the [expert testimony requirement] . . . applies 'where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons . . .

4

.'" Id. (quoting Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997)).

Hall did not obtain a medical expert in this case. Although he asserts that his case falls within the narrow exception to the expert testimony requirement, this argument is unpersuasive. His complaint alleges, inter alia, that (1) he received delayed care for his gum infection and periodontal disease, (2) prison officials did not follow the treatment plans recommended by the two dentists that examined him, and (3) despite his multiple requests, prison officials did not provide him with information on treating his periodontal disease. Whether these acts and omissions, if true, are the proximate cause of the future pain and disfigurement he alleges requires an understanding of the progression and treatment of gum infections and periodontal disease. Such issues are not so simple as to fall "within the range of experience and comprehension of even non-professional persons." Accordingly, the District Court did not err in granting the United States' motion for summary judgment.

In light of the above, we will affirm the District Court's judgment.